UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TOM BRINKMAN,

    Plaintiff,

v.                                            Case No. 3:16cv422-MCR-HTC

MITCHELL-PROFFITT COMPANY,
JAMES NETTLES and
PATRICIA NETTLES,

    Defendants.

_____/

REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Determination of Amount of Attorneys' Fees Award. ECF Doc. 76. Defendants are prevailing parties in this litigation and entitlement has already been determined. ECF Docs. 71, 74. For the reasons set forth below, the undersigned recommends Defendants be awarded $208,209.00 in attorneys' fees.

**I.    Background**

Plaintiff filed this action on August 24, 2016, asserting violations of the Digital Millennium Copyright Act ("DMCA"), copyright infringement and breach of contract with respect to twenty-four (24) pieces of artwork ("Works") depicting military insignia. Plaintiff filed an amended complaint on January 30, 2017. In June 2017, after being served with a Rule 11 motion, Plaintiff withdrew his claims with

Case No. 3:16cv422-MCR-HTC

respect to Works 4 through 24. ECF Doc. 35. The parties discussed settlement of the remaining claims. Believing they had reached an agreement with respect to Works 1 through 3, the Defendants executed a settlement agreement. ECF Doc. 76. Plaintiff refused to do the same, terminated his counsel (proceeding *pro* se) and then claimed he never authorized the settlement or withdrawal of claims for Works 4 through 24. *Id.*

Failing to finalize a settlement, Defendants served Plaintiff with an Offer of Judgment, which Plaintiff rejected. On February 2, 2018, Defendants filed a motion for summary judgment. Plaintiff did not respond. Magistrate Judge Kahn entered a Report and Recommendation (ECF Doc. 60) recommending Defendants' motion be granted and Plaintiff's claims dismissed, which the District Judge adopted (ECF Doc. 62). The Defendants then moved for attorneys' fees and costs. *See* ECF Doc. 64. Judge Kahn entered a Report and Recommendation (ECF Doc. 71) recommending Defendants' motion be granted, which the District Judge adopted. Defendants thus filed the instant motion (ECF Doc. 76). Despite being given an opportunity to do so, Plaintiff did not file a response or opposition.[1]

---

[1] Since February 20, 2018, mail addressed to Plaintiff at his address of record has been returned as undeliverable, at times with an indication no such address exists. Plaintiff has an obligation to keep the Court apprised of his current address. Plaintiff, however, has filed nothing since March 19, 2018.

Case No. 3:16cv422-MCR-HTC

## II.    The Amount of Fees Sought

In accordance with Local Rule 54.1, Defendants submitted declarations from Deanna K. Shullman (ECF Doc. 77), the attorney primarily responsible for representing Defendants in the matter, and Michael I. Santucci ("Santucci"), an attorney who testified to the reasonableness of the fees requested (ECF Doc. 78). According to Ms. Shullman's declaration and the billing records attached thereto, counsel spent 795.30 hours from September 1, 2016, through January 31, 2019, defending against Plaintiff's claims.  The total amount of fees incurred was $217,472.50; however, Ms. Shullman wrote off fees in the amount of $9,263.50 at the time of billing, bringing the total amount requested to $208,209.00.  Defendants request that fees be awarded at rates ranging from $165 per hour for paralegals to $320 per hour for attorneys, broken down as follows:

| Timekeeper | Rate | Hours |
|---|---|---|
| Shullman, Partner | $320 | 340.6 |
| Fugate, Partner | $320 | 3.8 |
| Lovelady, Partner | $225 | 232.1 |
| Girones, Associate | $275[2] | 165.4 |
| Simpson, Associate | $225 | 12.1 |

---

[2] Ms. Girones' rate exceeded that of Ms. Lovelady because she was not bound by a lower rate that had been negotiated by Defendants' insurer when Ms. Shullman and Ms. Lovelady were at their prior firm, where Ms. Shullman's defense of this matter began.

Case No. 3:16cv422-MCR-HTC

| | | |
|---|---|---|
| Pacheco, Paralegal | $165 | 29.2 |
| Lee, Paralegal | $165 | 8.1 |
| Brennan, Paralegal | $170 | 4 |

### III. Legal Analysis

#### A. Hourly Rate

In determining the amount of attorneys' fees to be awarded to a prevailing party, the Court must calculate the lodestar, which involves "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888 (1984); *see also Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988). A reasonable hourly rate is based upon "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996) (quoting *Norman*, 836 F.3d at 1299). "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d 1292 at 1303. In addition to considering evidence presented by the moving party, "the court . . . is itself an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may

form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (quotation and citation omitted).

To support the reasonableness of the rates sought, Defendants also rely on Santucci's declaration. Santucci is an attorney from Fort Lauderdale, Florida, who practices primarily in the area of intellectual property and entertainment law and litigation, including copyright law and litigation. According to Santucci, the hourly rates charged by Ms. Shullman, Ms. Lovelady and Ms. Fugate were "more than reasonable" given their "level of skill, experience and reputation," and "at least in accord with customary rates for this kind of federal litigation in the locale and jurisdiction." ECF Doc. 78. Similarly, he states the hourly rate charged by Ms. Girones was reasonable "given her level of skill, experience and reputation" and "in accord with customary rates for this kind of federal litigation in the locale and jurisdiction." *Id.* Ms. Simpson's hourly rate of $225, according to Mr. Santucci, also was "reasonable, and below market rate given her federal clerkship and given her level of skill, experience and reputation" and "at least in accord with customary rates for this kind of federal litigation in the locale and jurisdiction." *Id.* He said Ms. Lee's and Ms. Pachecho's rates of $165 per hour were "reasonable given [their] level of skill, experience and reputation" and "in accord with customary rates for this kind of federal litigation in the locale and jurisdiction." *Id.*

A significant amount of the fees sought comes from the time spent on the file by Ms. Shullman and Ms. Lovelady. Ms. Shullman was admitted to the bar in 2001 and practiced at the law firm of Thomas & LoCiero PL, until she started her own firm, Shullman Frugate PLLC in 2017. *See* ECF Doc. 77, 77-1. At the time Ms. Shullman began working on this matter she had approximately fifteen (15) years of experience. Ms. Lovelady, who was an associate when she started working on the matter, and is currently a partner at Shullman Frugate, was admitted to the bar in 2009. At the time she began working on this matter, she had about seven (7) years of experience. Based on the undersigned's knowledge and experience, which includes two (2) decades of civil litigation practice, the undersigned agrees the hourly rates for Ms. Shullman and Ms. Lovelady are reasonable and actually below prevailing rates in the area for the type of work performed. Similarly, the undersigned agrees the rates for the Ms. Frugate, Ms. Simpson and the paralegals are reasonable. A significant amount of fees also comes from Ms. Girones, who began working on the file after it was transferred to Shullman Frugate. Ms. Girones was admitted to the bar in 2016 and, thus, had only one year of experience at the time she started working on the file. The undersigned finds that Ms. Girone's rate of $275.00 is higher than the prevailing market rate for a first-year associate. That said, the undersigned does not find that any adjustments need to be made to Ms.

Girones' rate given the below market rates being sought for Ms. Lovelady and Ms. Shullman.

### B. Hours Expended

Mr. Santucci also states that in his professional opinion, the total hours reported by Defendants' counsel are reasonable for the work required in the case and even "somewhat low given the considerable difficulties Defendants encountered in this case." *Id.* Mr. Santucci notes that Plaintiff amended his complaint to include "twenty-four (24) separate works of art for which copyright protection was sought, all of which Plaintiff claimed were infringed or were the subject of violations of the Digital Millennium Copyright Act, 17 U.S.C. § 1201, *et seq.*" *Id.* In Mr. Santucci's view, "[t]he number of works involved certainly multiplied the effort and time required to litigate this case and particularly to investigate the claims to ascertain possible defenses." *Id.*

Mr. Santucci observes that "[t]he billing statements reflect the fact that extensive analysis of the facts, particularly, those surrounding the 24 works, was required including charting the various works in relation to applicable defenses involving each." *Id.* He further notes that "Plaintiff's operative pleading included three separate Counts for copyright infringement, each for a separate work of art, a single Count for violation of the Digital Millennium Copyright Act involving all twenty-four works, and an additional Count for breach of a confidential settlement

agreement that settled prior litigation between the parties." *Id.* Plaintiff also served multiple sets of discovery requests on the different Defendants, each of which "necessitated a response by Defendants." *Id.* And, Plaintiff served eight (8) non-party subpoenas, "which required tasks to be performed by Defendants' counsel and staff." *Id.* Mr. Santucci concludes "the total number of hours spen[t] by Defendants' counsel litigating this case appears to have been significantly understated in the billing statements I reviewed." *Id.* Mr. Santucci attributes the understatement to "the efficiency of the attorneys representing the Defendants," including the use of associates to perform much of the drafting, research and fact gathering. *Id.* Mr. Santucci found "no instances of improper or unfair double-billing" and observed that "[w]henever two attorneys were involved in a task, the billing entries reveal independent contributions by each" and, "[i]n some instances, the entry of the second person was completely waived, such as the time spend by Giselle Girones at mediation." *Id.*

Based on the undersigned's knowledge and experience, as well as the declarations of Ms. Shullman and Mr. Santucci and lack of objection from Plaintiff, the undersigned finds the number of hours billed to be reasonable. The Defendants diligently defended against this matter for almost three (3) years. In addition to the discovery, Defendants had to answer an initial, then amended complaint, and respond to three (3) separate motions for injunctions. Additionally, the parties

attended a 10-hour mediation (ECF Doc. 78), which resulted in an *impasse*, requiring Defendants to file a motion for summary judgment, which resulted in the resolution of this matter, and a motion for entitlement of fees.  Moreover, the proceedings were protracted in part by Plaintiff's actions, including firing his counsel, proceeding *pro se* and continuing to prosecute claims relating to works 4 through 24 that were withdrawn by his counsel.  *See* ECF Docs. 35, 41.  Indeed, one of the bases on which the Court previously ordered entitlement was Federal Rule of Civil Procedure 11.

Accordingly, it is respectfully RECOMMENDED as follows:

1. That Defendants' Motion for Determination of Amount of Attorneys' Fees Award (ECF Doc. 76) be GRANTED.

2. That Defendants be awarded $208,209.00 in attorneys' fees.

3. That Plaintiff be required to remit that amount to Defendants, through Defendants' counsel, within thirty (30) days of the date of the order adopting this Report and Recommendation.

At Pensacola, Florida, this 3rd day of May, 2019.

>   */s/ Hope Thai Cannon*
>   **HOPE THAI CANNON**
>   **UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.